# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

## CASE NO. 24-60025-CR-WILLIAMS/GOODMAN

UNITED STATES OF AMERICA

    Plaintiff,

v.

GEOVANI AMILCAR VENTURA-GONZALEZ,

    Defendant.

_____/

## REPORT AND RECOMMENDATIONS ON CHANGE OF PLEA

United States District Judge Kathleen M. Williams referred to the Undersigned a change of plea hearing for the acceptance of Defendant's guilty plea. [ECF No. 26]. The Undersigned conducted a hearing and **recommends** the following to the District Court:

    1.    On April 24, 2024, the Undersigned convened a hearing to permit Defendant to enter a change of plea. The Undersigned advised Defendant of the right to have these proceedings conducted by the District Judge assigned to the case. Further, the Undersigned advised Defendant that I was conducting the change of plea hearing on referral from the District Court and with the agreement of Defendant, defense counsel, and the Assistant United States Attorney assigned to this case. The Undersigned further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence and

would conduct a sentencing hearing at a time set by the District Court.

2. Defendant, defense counsel, and the Assistant United States Attorney assigned to the case all agreed on the record to the Undersigned conducting the change of plea hearing.

3. The Undersigned conducted a plea colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

4. There is a written plea agreement that has been entered into by the parties in this case. The Undersigned reviewed the plea agreement on the record and had Defendant acknowledge that he signed the plea agreement. The Undersigned made certain that Defendant was aware of any minimum mandatory sentences and maximum sentences that could be imposed in this case in accordance with the plea agreement and the applicable statutes.

5. The written plea agreement included an appellate waiver. The Undersigned reviewed the terms and consequences of the appellate waiver. Defendant knowingly and voluntarily waived his appellate rights.

6. Defendant pled guilty to Counts 1 and 2 of the two-count Information. [ECF No. 16]. Count 1 charges Defendant with illegal reentry after deportation, in violation of Title 8, United States Code, Section 1326(a). Count 2 charges Defendant with possession of a firearm and ammunition by a prohibited person, in violation of Title 18, United States Code, Section 922(g)(5).

7. Through a written factual proffer signed by Defendant, the Assistant United States Attorney assigned to the case stated a factual basis for the entry of the plea, which included all of the essential elements of the crimes to which Defendant is pleading guilty, and any sentencing enhancements and/or aggravating factors that may be applicable. Defendant acknowledged the accuracy of the factual proffer and acknowledged his guilt and knowing participation in the alleged crimes.

8. The Undersigned also discussed with Defendant that an adjudication of guilt could affect his immigration status including, but not limited to, being subject to deportation or denaturalization. Defendant understood and acknowledged that his guilty plea may have an effect on his immigration or naturalization status.

9. Based upon all of the foregoing and the plea colloquy conducted by the Undersigned, the Undersigned **respectfully recommends** that the District Court find that Defendant freely and voluntarily entered a guilty plea as to Counts 1 and 2 of the Information, and that it adjudicate Defendant guilty as to Counts 1 and 2 of the Information.

**ACCORDINGLY**, the Undersigned **respectfully recommends** that the District Court accept Defendant's plea of guilty, adjudicate him guilty of the offenses listed in the Information to which a plea of guilty has been entered, and conduct a sentencing hearing for final disposition of this matter.

The parties shall have three (3) days[1] from the date of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each party may file a response to the other party's objection within three (3) days of the objection. Failure to file timely objections waives a party's right to review issues related to Defendant's plea under Federal Rule of Criminal Procedure 11 before the District Judge or the Court of Appeals (even under a plain error standard). *See* Fed. R. Crim. P. 59(b)(1), (2), cited in *United States v. Lewis*, 492 F.3d 1219, 1222 (11th Cir. 2007) (*en banc*).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on April 24, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
The Honorable Kathleen M. Williams
All Counsel of Record
United States Probation Office

---

[1] The Undersigned is shortening the deadline to file objections and responses to any objections from 14 days to three days because the parties have executed a plea <u>agreement</u> and the Undersigned does not anticipate any objections to this change of plea.